FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 NOV -8 AM 10: 40

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOHN RANDALL FUTCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-238 |
| ) | |
| DRUG ENFORCEMENT ) | |
| ADMINISTRATION and ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, who has paid the required filing fee, has filed a complaint with this Court seeking to recover damages for the alleged "wrongful seizure" of $18,997.89 from his bank account by agents of the Drug Enforcement Administration on August 5, 2002. Following this seizure, the government brought a civil forfeiture action against his money alleging that it represented the proceeds of an illegal drug transaction. Doc. 1. See United States v. United States Currency Totaling $18,977.89, CV403-10 (filed Jan. 21, 2003). Plaintiff contends that the government's forfeiture complaint was supported by the "false 'verification'" of a DEA task force agent and that the complaint alleged "demonstrably false and misleading"

facts. Doc. 1. By wrongfully seizing his money, the government allegedly caused plaintiff to default on numerous automobile loans, an injury which forms the basis for his claim of damages in this action.

The Prison Litigation Reform Act requires the federal courts to conduct early screening of all prisoner suits for the purpose of identifying claims that are subject to immediate dismissal as malicious, frivolous, or legally insufficient. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This screening procedure is to be applied to a prisoner action regardless of "any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2). The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief.

While plaintiff does not identify the specific federal statute he is relying upon to bring suit against the United States and the DEA[1] for the alleged "wrongful seizure" of his property, the Court assumes that his claim is brought pursuant to the provisions of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 1346(b) (waiving the government's sovereign

---

[1] Plaintiff's claim against the DEA, a federal agency, must be treated as a claim against the United States. See Daniel v. United States, 891 F. Supp. 600, 603 (N.D. Ga. 1995).

immunity with respect to "claims against the United States, for . . . loss of property . . . caused by the negligent or wrongful act or omission" of any government employee acting in the scope of his employment); 28 U.S.C. §§ 2671-2680.[2] Plaintiff, however, has failed to allege that he has exhausted his administrative remedies by filing an administrative claim with the DEA, which is a jurisdictional prerequisite to a tort suit alleging the wrongful conduct of DEA employees.[3] 28 U.S.C. § 2675; see McNeil v. United States, 508 U.S. 106, 112-13 (1993). Because it appears plaintiff has failed to exhaust his administrative remedies before filing his complaint in this Court, his complaint should be DISMISSED.

SO REPORTED AND RECOMMENDED this 7th day of November, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The FTCA, which provides for a limited waiver of the government's sovereign immunity, does not waive immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). § 2680(c), however, creates an exception to this exception, specifically allowing suit against the United States for loss of property seized for purposes of civil forfeiture, where the property was ultimately not forfeited. 28 U.S.C. § 2680(c)(1-4).

[3] If plaintiff has in fact exhausted his administrative remedies with the DEA prior to filing the instant complaint, he may seek reconsideration of this Report and Recommendation or bring the matter to the district judge's attention in a timely objection to this R&R.